IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP GREGORY ROBINSON,

                              Petitioner,                           OPINION AND ORDER

        v.

E. EMMERICH,                                                        25-cv-419-wmc

                              Respondent.

---

Petitioner Phillip Gregory Robinson is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford").  Representing himself, Robinson has filed an "emergency" federal habeas corpus petition under 28 U.S.C. § 2241 to challenge the administration of his sentence. (Dkt. #1.)  Specifically, Robinson contends that the BOP has incorrectly calculated the amount of credits he qualifies for under the First Step Act, which has wrongfully delayed his placement in a halfway house, pursuant to a BOP policy found in 28 C.F.R. § 523.44. Because Robinson admits he did not attempt to exhaust administrative remedies as required, the petition will be dismissed for the reasons explained below.


OPINION

Petitioner is currently incarcerated as the result of a federal conviction for possession of heroin with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1, 841(b)(1)(C), and 860. *See United States v. Phillip Gregory Robinson*, No. CR-14-1008-1 (N.D. Iowa).  In a judgment imposed on August 14, 2014,

petitioner received a sentence of 188 months' imprisonment, to run concurrently with a sentence that he received in Dubuque County Case No. SMCR109425, followed by a 6-year term of supervised release in that case. (*Id.*) His projected release date is September 1, 2026.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11

form to the Office of General Counsel within 30 days.  *Id*.  Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief.  *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioner concedes that he did not attempt any step of the administrative remedy process before filing his petition.  (Dkt. #1, at 6.)  Although petitioner argues that exhaustion should be excused because he would be prejudiced by any delay, his projected release date is well over a year away.  Although petitioner also appears to argue that exhaustion would be futile because his claim involves the application of a BOP policy, his speculation that pursuing exhaustion will prove unsuccessful doesn't show that exhaustion would be futile.  *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)).  Other factors favor requiring exhaustion of petitioner's claims.  "Where, as here, a petitioner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given the first opportunity to correct any such errors." *Beam v. Sproul*, No. 3:24-cv-2255, 2025 WL 1359903, at *1 (S.D. Ill. Apr. 10, 2025) (citing *Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008)).  Thus, the court concludes that requiring administrative exhaustion in this case will give the prison system "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and will promote efficiency.  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  Therefore, the petition will be dismissed without prejudice as unexhausted.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Phillip Gregory Robinson (dkt. #1) is DISMISSED without prejudice for lack of exhaustion.

2. The clerk of court shall enter judgment and close this case.

Entered on this 18th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge